J-A03011-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| JAMAL RIDEOUT | : | |
| | : | |
| Appellant | : | No. 2281 EDA 2024 |

Appeal from the Judgment of Sentence Entered July 30, 2024
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0001047-2021

BEFORE:   BOWES, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.[*]

MEMORANDUM BY BOWES, J.:                    **FILED FEBRUARY 24, 2026**

Jamal Rideout appeals from the aggregate sentence of four to eight years in prison following his convictions of persons not to possess a firearm, in violation of 18 Pa.C.S. § 6105(a)(1), and carrying a firearm without a license, in violation of 18 Pa.C.S. § 6106(a)(1).  We affirm.

On January 4, 2021, the Commonwealth of Pennsylvania charged Appellant with the above-identified crimes, among others, after he was observed holding and then concealing a revolver in a parking lot outside of a bar in Delaware County.  Appellant was prohibited from carrying a firearm due to a 2007 federal felony conviction of conspiracy to distribute cocaine. Relevant here, Appellant filed a pre-trial motion to quash the firearm charges, asserting that they were unconstitutional insofar as they violated his Second

_____

[*] Retired Senior Judge assigned to the Superior Court.

Amendment rights. In so doing, Appellant primarily relied upon a decision of the Supreme Court of the United States, **New York State Rifle & Pistol Association, Inc. v. Bruen**, 597 U.S. 1 (2022), which ruled unconstitutional a New York law prohibiting persons from carrying handguns for self-defense unless they showed a distinct need for self-protection apart from that of the general community. Following briefing from the parties, the trial court denied Appellant's motion. The case proceeded to a stipulated bench trial, at the conclusion of which the court found Appellant guilty of the §§ 6015(a)(1) and 6106(a)(1) offenses. The court sentenced him as indicated on the same day.

This timely appeal followed. The trial court ordered Appellant to submit a concise statement of errors pursuant to Pa.R.A.P. 1925(b), and Appellant complied.[1] He presents the following claims for review:

> [I] Whether the trial court erred in denying [Appellant]'s as-applied constitutional challenge to 18 Pa.C.S. § 6105(a)(1) and § 6106(a)(1), as [Appellant] is a nonviolent offender who falls within the protections of the Second Amendment.
>
> [II] Whether the trial court erred in finding that the Commonwealth met its burden to demonstrate that permanently disarming [Appellant] for a non-violent conviction is consistent with the Nation's historical tradition of firearm regulation.

Appellant's brief at 4 (citations altered).

Both of Appellant's claims relate to the court's decision to deny his underlying motion to quash, which raised constitutional challenges to § 6105

---

[1] We remind the court that all Rule 1925(b) orders must specify both where the appellant may serve the statement in person and the address where it may be mailed. **See** Pa.R.A.P. 1925(b)(3)(iii).

and § 6106. The constitutionality of a criminal statute "is a question of law for which our standard of review is *de novo* and our scope of review is plenary." ***Commonwealth v. Farmer***, 329 A.3d 449, 451 (Pa.Super. 2024) (citation omitted), *appeal granted*, 343 A.3d 180 (Pa. July 8, 2025). Further, in his as-applied challenge, Appellant bears a heavy burden to demonstrate that the law "clearly, palpably, and plainly violates the constitution." ***Id***. at 455 n.5 (citation omitted). The Supreme Court of the United States has emphasized that "when legislation and the Constitution brush up against each other, a court's task is to seek harmony, not to manufacture conflict." ***United States v. Rahimi***, 602 U.S. 680, 701 (2024).

Our Crimes Code defines the offense of persons not to possess thusly:

(1) A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1). Appellant's prohibition arises from subsection (c), which forbids firearm possession by "[a] person who has been convicted of an offense under . . . The Controlled Substance, Drug, Device and Cosmetic Act, or any equivalent Federal statute or equivalent statute of any other state, that may be punishable by a term of imprisonment exceeding two years." 18 Pa.C.S. § 6105(c)(2). Additionally, as it relates to Appellant's second charge, barring certain exceptions not applicable in this case, "any person who carries a firearm concealed on or about his person, except in his place of abode or

fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." 18 Pa.C.S. § 6106(a)(1).

The **Bruen** Court articulated the following test courts must apply in weighing the constitutionality of statutes affecting the federal right to bear arms:

> When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation. Only then may a court conclude that the individual's conduct falls outside the Second Amendment's "unqualified command."

**Bruen**, 597 U.S. at 24 (citation omitted). Nonetheless, the High Court clarified two years after **Bruen** that "[a]n individual found by a court to pose a credible threat to the physical safety of another may be temporarily disarmed consistent with the Second Amendment." **Rahimi**, 602 U.S. at 702.

Here, Appellant contends that the trial court erred in denying his motion to quash since both of his convictions infringe upon his Second Amendment right to possess firearms. Specifically, he raises an as-applied challenge to both §§ 6105 and 6106, asserting that, *inter alia*, the Commonwealth did not prove that the United States has a "historical tradition of firearm regulation" as to drug traffickers, as required by **Bruen**. **See** Appellant's brief at 15-19. Appellant avers that this is particularly so considering that his prior offense was non-violent and involved no use of weapons. **Id**. at 15, 18.

- 4 -

Critically, this Court recently rejected a virtually identical as-applied challenge to § 6105 in **Commonwealth v. Randolph**, 343 A.3d 1248 (Pa.Super. 2025). Similar to Appellant, Randolph was convicted of persons not to possess a firearm when his underlying prohibiting offense involved possession of controlled substances with intent to deliver. In finding no merit to Randolph's claim, we determined that, in accordance with **Rahimi**, the firearm prohibition was constitutional as applied to him because he was an "individual found by a court to pose a credible threat to the physical safety of another," and thus could be temporarily disarmed without violating the Second Amendment.[2] **Id**. at 1258. We further noted that this holding was consistent with a multitude of federal decisions that came to the same conclusion when wrestling with this question post-**Rahimi**. **Id**. at 1259.

Since Appellant's challenge to § 6105 is materially the same as that raised by Randolph, and the prohibiting predicate offenses are of the same nature, this case is squarely governed by **Randolph**. Indeed, Appellant did not cite **Randolph** or attempt to distinguish that case, despite it being issued before he filed his brief. As such, for the reasons discussed at greater length in that opinion, Appellant's attack on the constitutionality of § 6105 fails.

Turning to Appellant's constitutional challenge to § 6106, carrying a firearm without a license, we find that his claim is not sufficiently developed on appeal. While Appellant explains in detail why he believes the

---

[2] Pennsylvania law provides procedures for restoration of firearms rights in certain circumstances. **See**, **e.g.**, 18 Pa.C.S. § 6105(d).

- 5 -

Commonwealth has not demonstrated a historical tradition of depriving convicted felons from possessing firearms, he does not discuss licensing requirements at all or explain how *Bruen* and its progeny relate to firearm licensing mandates. We will not undertake the task of developing Appellant's claim when he failed to do so. *See Commonwealth v. Armolt*, 294 A.3d 364, 377 (Pa. 2023) ("It is not the obligation of an appellate court to formulate an appellant's arguments for him." (citation omitted)). Moreover, in *Bruen*, which Appellant principally relies upon in this appeal, the Supreme Court of the United States specifically stated that its decision did not bear on "shall-issue" firearm licensing statutes, like Pennsylvania's. *See Bruen*, 597 U.S. at 38, n.9 ("To be clear, nothing in our analysis should be interpreted to suggest the unconstitutionality of the [forty-three] States' 'shall-issue' licensing regimes, under which 'a general desire for self-defense is sufficient to obtain a permit.'" (citation omitted)).

Based on the above, Appellant has not met his heavy burden of demonstrating that either § 6105 or § 6106 "clearly, palpably, and plainly violate. . . the constitution." *Farmer*, 329 A.3d at 455 n.5. We therefore affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 2/24/2026